```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**LARISSA L. HEIDERSCHEIDT**                                          **PLAINTIFF**

v.                          Civil No. 10-3058

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security**                                   **DEFENDANT**

                          **O R D E R**

   Now on this 5th day of July, 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 10) and plaintiff's objection thereto (Doc. 11). The Court, being well and sufficiently advised, finds and orders as follows:

   1.   Plaintiff objects to the Magistrate Judge's Report and Recommendation in which she finds substantial evidence supporting the ALJ's decision denying plaintiff benefits, and thus recommends that the decision be affirmed, and plaintiff's complaint be dismissed with prejudice.

   Specifically, the ALJ made an explicit finding that the claimant's subjective complaints about the intensity, persistence and limiting effects of her pain are not credible.  Plaintiff asserts that the ALJ erred when, in making the credibility determination, it failed to follow the requirements set out in *Polaski v. Heckler*, 751 F.3d 943 (8th Cir. 1984).

   2.   In *Polaski*, the Eighth Circuit set out the proper analysis that courts should follow when evaluating subjective complaints of pain.  Specifically, the court held the ALJ must

consider "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Jones v. Astrue,* 619 F.3d 963, 975 (8th Cir. 2010) (internal citations omitted). The ALJ is not required to discuss each *Polaski* factor "as long as [he or she] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Id.* (internal citations omitted). The court should defer to the ALJ's finding of credibility "as long as the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007)(internal quotation omitted).

3. Here, while the ALJ did not directly cite *Polaski*, which is the Eighth Circuit's preference, the ALJ cited and conducted an analysis pursuant to 20 C.F.R. § 416.929, which mirrors in large part the *Polaski* factors. *See Schultz*, 479 F.3d at 983. Further, the ALJ thoroughly reviewed and discussed plaintiff's medical records and the opinion evidence offered. The ALJ also considered the numerous daily activities that plaintiff was able to perform and her statements about the pain she suffered and how her subjective complaints about pain were inconsistent with her daily activities. The Court finds that the ALJ adequately applied the *Polaski* factors. *See Schultz* 479 F.3d at 983 (concluding that ALJ properly considered the *Polaski* factors even though the ALJ did not cite to *Polaski* directly).

4. The Court concludes, after a review of the ALJ's decision and the Magistrate Judge's Report and Recommendation, that the ALJ's determination is supported by substantial evidence and, therefore, the ALJ's decision will be affirmed and the plaintiff's complaint will be dismissed.

**IT IS THEREFORE ORDERED** that the defendant's objection is **overruled**.

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation is adopted *in toto***.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, the decision of the ALJ is hereby **affirmed** and plaintiff's complaint is hereby **dismissed with prejudice**.

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE